UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

DEBORAH WRIGHT,

      Plaintiff,

vs.

ORANGE COUNTY SHERIFF'S OFFICE,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEBORAH WRIGHT ("WRIGHT"), sues Defendant, ORANGE COUNTY SHERIFF'S OFFICE ("OCSO"), and states:

## JURISDICTION AND PARTIES

1.     This action seeks damages for violations of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq and the Americans with Disabilities Act of 1990, 42 USC §12101 et seq.

2.     This claim arose in Miami-Dade County and thus venue is appropriate in this Court.

3.     Plaintiff, DEBORAH WRIGHT, is an Black, African-American female, age 54, suffering from a diagnosis of breast cancer and its treatments since 2013 and at all times material hereto was employed by the Defendant, OCSO, as an Investigative Analyst III until her termination on August 6, 2020.

4.     Defendant, OCSO, is a political subdivision of the State of Florida, and within the jurisdiction of this Court.

5.      Declaratory, injunctive, equitable relief, lost wages, salary, employment benefits and other compensatory and punitive damages are sought pursuant to 42 U.S.C. § 12117 and 42 U.S.C. 2000e-5.  Costs and attorney's fees may also be awarded pursuant to 42 U.S.C. § 2000e-5(k).

6.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42 USC § 2000e-5(f).

7.      Plaintiff has exhausted any and all available administrative remedies or doing so would be futile.  Plaintiff previously filed a Charge of Discrimination and Amended Charge of Discrimination with the Equal Employment Opportunity Commission.  Plaintiff's Dismissal and Notice of Rights were issued on January 8, 2021, a copy of which is attached hereto as Exhibit "A" and February 1, 2021, a copy of which is attached hereto as Exhibit "B".

### COUNT I -VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
**Race Discrimination**

8.      Plaintiff repeats and realleges paragraphs 1 through 7 as if stated fully herein.

9.      On or about August 6, 2020, Plaintiff was terminated from her position of Investigative Analyst III with the Defendant.  She had been employed with the Defendant since 1998.  At the time of her termination, no reasonable basis for her termination was provided nor does one exist.

10.     Plaintiff was allegedly terminated based on an Internal Affairs investigation which sustained allegations against her concerning "Conformance to Laws."  Plaintiff adamantly denies any wrongdoing.

11.     Other employees of Defendant, who are not African-American, have been

-2-

accused of the same or similar levels of misconduct and have not been terminated.

12.     As a result, Plaintiff has been subjected to discrimination on the basis of her race in violation of Title VII.

13.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a.     a declaration that the acts and practices complained of herein are in violation of Title VII;

b.     enjoining and permanently restraining these violations of Title VII;

c.     directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.     compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.     Punitive damages;

f.     awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

-3-

g.    trial by jury; and

h.    such other relief as the court deems proper.

## COUNT II - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Color Discrimination

14.    Plaintiff repeats and realleges paragraphs 1 through 7 as if stated herein in full.

15.    On or about August 6, 2020, Plaintiff was terminated from her position of Investigative Analyst III with the Defendant.  She had been employed with the Defendant since 1998.  At the time of her termination, no reasonable basis for her termination was provided nor does one exist.

16.    Plaintiff was allegedly terminated based on an Internal Affairs investigation which sustained allegations against her concerning "Conformance to Laws."  Plaintiff adamantly denies any wrongdoing.

17.    Other employees of Defendant, who are not Black, have been accused of the same or similar levels of misconduct and have not been terminated.

18.    As a result, Plaintiff has been subjected to discrimination on the basis of her color in violation of Title VII.

19.    As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a.     a declaration that the acts and practices complained of herein are in violation of Title VII;

b.     enjoining and permanently restraining these violations of Title VII;

c.     directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.     compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.     punitive damages;

f.     awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

g.     trial by jury; and

h.     such other relief as the court deems proper.

## COUNT III -VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Sex Discrimination

20.     Plaintiff repeats and realleges paragraphs 1 through 7 as if stated herein in full.

21.     On or about August 6, 2020, Plaintiff was terminated from her position of Investigative Analyst III with the Defendant.  She had been employed with the Defendant since 1998.  At the time of her termination, no reasonable basis for her termination was provided nor does one exist.

22.     Plaintiff was allegedly terminated based on an Internal Affairs investigation

-5-

which sustained allegations against her concerning "Conformance to Laws."   Plaintiff adamantly denies any wrongdoing.

23.    Other employees of Defendant, who are male, have been accused of the same or similar levels of misconduct and have not been terminated.

24.    As a result, Plaintiff has been subjected to discrimination on the basis of her sex in violation of Title VII.

25.    As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a.    a declaration that the acts and practices complained of herein are in violation of Title VII;

b.    enjoining and permanently restraining these violations of Title VII;

c.    directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.    compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.    punitive damages;

-6-

f.      awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

g.      trial by jury; and

h.      such other relief as the court deems proper.

### COUNT IV -VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
**Age Discrimination**

26.    Plaintiff repeats and realleges paragraphs 1 through 7 as if stated herein in full.

27.    On or about August 6, 2020, Plaintiff was terminated from her position of Investigative Analyst III with the Defendant.  She had been employed with the Defendant since 1998.  At the time of her termination, no reasonable basis for her termination was provided nor does one exist.

28.    Plaintiff was allegedly terminated based on an Internal Affairs investigation which sustained allegations against her concerning "Conformance to Laws."  Plaintiff adamantly denies any wrongdoing.

29.    Other employees of Defendant, who are under the age of 40, have been accused of the same or similar levels of misconduct and have not been terminated.

30.    As a result, Plaintiff has been subjected to discrimination on the basis of her age in violation of Title VII.

31.    As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff

-7-

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a.      a declaration that the acts and practices complained of herein are in violation of Title VII;

b.      enjoining and permanently restraining these violations of Title VII;

c.      directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.      compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.      punitive damages;

f.      awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

g.      trial by jury; and

h.      such other relief as the court deems proper.

## COUNT V - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### Disability Discrimination

32.      Plaintiff repeats and realleges paragraphs 1 through 7 as if stated herein in full.

33.      On or about August 6, 2020, Plaintiff was terminated from her position of Investigative Analyst III with the Defendant.  She had been employed with the Defendant

-8-

since 1998.  At the time of her termination, no reasonable basis for her termination was provided nor does one exist.

34.     Plaintiff was allegedly terminated based on an Internal Affairs investigation which sustained allegations against her concerning "Conformance to Laws."  Plaintiff adamantly denies any wrongdoing.

35.     Other employees of Defendant, who are not disabled, have been accused of the same or similar levels of misconduct and have not been terminated.

36.     As a result, Plaintiff has been subjected to discrimination on the basis of her disability, breast cancer, including its treatments and restrictions, in violation of Title VII.

37.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a.      a declaration that the acts and practices complained of herein are in violation of Title VII;

b.      enjoining and permanently restraining these violations of Title VII;

c.      directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

-9-

d.      compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.      punitive damages;

f.      awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

g.      trial by jury; and

h.      such other relief as the court deems proper.

## COUNT VI -VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### Perceived Disability Discrimination

38.      Plaintiff repeats and realleges paragraphs 1 through 7 as if stated herein in full.

39.      On or about August 6, 2020, Plaintiff was terminated from her position of Investigative Analyst III with the Defendant.  She had been employed with the Defendant since 1998.  At the time of her termination, no reasonable basis for her termination was provided nor does one exist.

40.      Plaintiff was allegedly terminated based on an Internal Affairs investigation which sustained allegations against her concerning "Conformance to Laws."  Plaintiff adamantly denies any wrongdoing.

41.      Other employees of Defendant, who are not perceived as disabled, have been accused of the same or similar levels of misconduct and have not been terminated.

42.      As a result, Plaintiff has been subjected to discrimination on the basis of her perceived disability, breast cancer, including its treatments and restrictions, in violation of Title VII.

-10-

43.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a.      a declaration that the acts and practices complained of herein are in violation of Title VII;

b.      enjoining and permanently restraining these violations of Title VII;

c.      directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.      compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.      punitive damages;

f.      awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

g.      trial by jury; and

h.      such other relief as the court deems proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, WRIGHT, submits this demand for jury trial for all issues

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

Respectfully submitted,

TERI GUTTMAN VALDES LLC
Counsel for Plaintiff
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
Telephone: (305) 740-9600

By: _____
       Teri Guttman Valdes
       Florida Bar No. 0010741

Dated April 5, 2021.

-12-

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | **Deborah Wright**<br>**1760 Portofina Meadows Blvd.**<br>**Orlando, FL 32834** | From: | **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |
|---|---|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|
| EEOC Charge No.<br><br>**510-2021-01713** | EEOC Representative<br>**MAXIMILIAN FEIGE,**<br>**Investigator** | | Telephone No.<br><br>**(786) 648-5849** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Twanya Westmoreland

January 8, 2021

| Enclosures(s) | **BRADLEY A. ANDERSON,**<br>**District Director** | *(Date Issued)* |
|---|---|---|

cc:

**Respondent Representative**
**Sharon Donoghue, Director of Human Resources**
**Orange County Sheriff's Office**
**2500 W Colonial Drive**
**Orlando, FL 32804**

**Charging Party Representative**
**Teri G. Valdes, Esq.**
**Teri Guttman Valdes LLC**
**1501 Venera Avee., Suite 300**
**Coral Gables, FL 33146**


Exhibit "A"

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Deborah Wright**<br>**1760 Portofina Meadows Blvd.**<br>**Orlando, FL 32824** | From: **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2021-02012** | **MAXIMILIAN FEIGE,**<br>**Investigator** | **(786) 648-5849** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Twanya Westmoreland* Twanya Westmoreland                    February 1, 2021

Enclosures(s)                    **BRADLEY A. ANDERSON,**                    *(Date Issued)*
                                **District Director**

cc:   <u>**Respondent Representative**</u>                   <u>**Charging Party Representative**</u>
      **Sharon Donoghue, Director of Human Resources**       **Teri Valdes, Esq.**
      **Orange County Sheriff's Office**                      **Teri Guttman Valdes LLC**
      **2500 W. Colonial Dr.**                                **1501 Venera Avee., Suite 300**
      **Orlando, FL 32804**                                   **Coral Gables, FL 33146**


Exhibit "B"