UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEBORAH WRIGHT,**

      **Plaintiff,**

v.                                           **Case No: 6:21-cv-600-RBD-EJK**

**JOHN MINA,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion for Substitution of Parties (the "Motion"), filed May 17, 2023. (Doc. 31.) Therein, the Estate of Deborah Ann Wright and Catherine Jones request that they be substituted as Plaintiffs in place of deceased Plaintiff Deborah Wright in the above-captioned action. Ms. Jones represents that she is the Personal Representative of Plaintiff. (*Id.* at 2.) For the reasons set forth below, the Motion is due to be granted.

Upon the death of a party, Federal Rule of Civil Procedure 25(a)(1) provides that a motion for substitution must be made "within 90 days after service of a statement noting death, [or] the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). However, a court may extend the time frame for the filing of the motion for substitution upon a showing of "excusable neglect." Fed. R. Civ. P. 6(b); *see Smith v. Village Club*, No.8:15-cv-579-T-36AEP, 2016 WL 7177621, at *1 (M.D. Fla. July 22, 2023) (granting motion for substitution after the 90-day time limit had expired). "Excusable neglect is an equitable concept in which the Court may take into

account all the relevant circumstances surrounding the party's omission." *McGuinnes v. Novartis Pharm. Corp.*, 289 F.R.D. 360, 363 (M.D. Fla. 2013).

This case was originally filed by Plaintiff on April 5, 2021. (Doc. 1.) On March 16, 2022, this Court entered a stay due to Plaintiff's medical issues. (Doc. 23.) On September 19, 2022, Plaintiff's counsel filed a status report informing the Court that Plaintiff had passed away. (Doc. 27.) On May 17, 2023, Plaintiff's counsel filed the instant unopposed Motion to substitute. (Doc. 31.) Accordingly, the 90-day time limit provided by Rule 25 has expired. However, after consideration, the Court finds that there is sufficient showing of excusable neglect to justify granting relief under Rule 6(b). First, Plaintiff's counsel filed numerous status reports to keep the Court apprised of the circumstances. (Docs. 25–30.) Upon the appointment of a personal representative, Plaintiff filed a status report on March 16, 2023 (Doc. 30), and thereafter filed the instant Motion sixty-two days later. (Doc. 31.) Moreover, there is no evidence that this delay resulted in any prejudice to Defendant, given the unopposed nature of the Motion. (*Id.* ¶ 5.) This Court has further acknowledged that Rule 25(a) is not meant to be rigidly applied to bar meritorious cases. *Smith*, 2016 WL 7177621, at *2 (citing *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966)).

Accordingly, Plaintiff's Unopposed Motion for Substitution of Parties (Doc. 31) is **GRANTED**. The Estate of Deborah Ann Wright and Catherine Jones, as Personal Representative of Deborah Wright, are hereby **SUBSTITUTED** as Plaintiffs in this action. The Clerk is **DIRECTED** to amend the case caption accordingly.

**DONE** and **ORDERED** in Orlando, Florida on May 23, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE